[Cite as *Pinnick v. Ohio Dept. of Transp.*, 2011-Ohio-3962.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA R. PINNICK

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION, DISTRICT 3

Defendant

Case No. 2010-12761-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Linda Pinnick, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that her 2005 Pontiac Bonneville was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 224 in Medina County. In her complaint, plaintiff described the particular damage event noting that she was traveling eastbound on SR 224 when "[J]ust before the Rt.# 261 exit [she] struck a large pothole in the right hand lane with driver's side front tire." In her complaint, plaintiff recorded that the damage incident occurred "on or about December 12, 2010, at 1:00 p.m." Plaintiff seeks recovery of damages in the amount of $237.44, the stated total amount for replacement parts and vehicle repair costs. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's December 12, 2010 incident. Defendant related that plaintiff's incident "on SR 224 which, also, overlaps I-76 is just before milepost 11.71 in Medina County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity

of that location despite the fact that "[t]his section of roadway on SR 224/I-76 has an average daily traffic count" of over 40,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 11.71 on SR 224/I-76 prior to 1:00 p.m. on December 12, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Medina County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to December 12, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that six (6) pothole patching operations were conducted *at this specific location* and the last repair was on December 12, 2010, which is the same day as plaintiff's incident." (Emphasis added.) Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} Plaintiff did not file a response.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on SR 224/I-76 prior to the afternoon of December 12, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1)

defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole that had been patched as recently as December 11, 2010 and the repair patch had failed by December 12, 2010.

{¶ 11} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than one week warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable for the damage claimed, plus filing fee costs.



# Court of Claims of Ohio

LINDA R. PINNICK

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION, DISTRICT 3

    Defendant

    Case No. 2010-12761-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $262.44, which includes the filing fee.  Court costs are assessed against defendant.

                          DANIEL R. BORCHERT
                          Deputy Clerk

Entry cc:

Linda R. Pinnick                 Jerry Wray, Director
216 Hermann Street           Department of Transportation
Barberton, Ohio  44203        1980 West Broad Street

Columbus, Ohio  43223

SJM/laa
4/14
Filed 4/27/11
Sent to S.C. reporter 8/10/11